[No. A044730. First Dist., Div. One. Feb. 6, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
SHAWN DEPREE McGRIFF, Defendant and Appellant.

**COUNSEL**

Michael B. Freund, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Dane R. Gillette, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**STEIN, J.**—Shawn Depree McGriff appeals from the judgment entered on his plea of guilty to possession of base cocaine for sale. (Health & Saf. Code, § 11351.5.) He argues that evidence seized at the time of his arrest should have been suppressed. We disagree and affirm.

On August 16, 1988, at 8:05 p.m., Vallejo Police Detectives Liddicoet and Gardner saw two vehicles parked side by side facing in opposite directions in the middle of the street. The police were aware that sales of drugs between buyers in vehicles and sellers on the streets were common in that area. Several people, including appellant, were standing near both cars. Detective Liddicoet saw the people lean into the cars and observed an exchange of objects between the passengers and those outside the cars.

As the police vehicle approached, the cars drove away and appellant and some of the others fled through a nearby back yard. Believing he had just witnessed a narcotics transaction, Detective Liddicoet chased appellant. He could see appellant holding something tightly in his fist as he fled. Appellant was out of the detective's sight for two or three seconds, but was apprehended when he reappeared. Liddicoet found a paper wrapper containing 10 pieces of rock cocaine in the area where appellant had disappeared.

Appellant was advised of his rights pursuant to *Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974], and admitted that the cocaine was his. A search of appellant's person yielded $361 in crumpled bills from several different pockets. Appellant first told the officer he had won the money gambling, but subsequently admitted he had sold $40 worth of cocaine.

Appellant pleaded not guilty to charges of possession for sale of base cocaine. After his motion to suppress evidence was denied appellant changed his plea to guilty. Imposition of sentence was suspended and appellant was placed on probation for three years, conditioned upon six months in the county jail.

Appellant argues that the officers had no reasonable cause to detain him and that the cocaine, a fruit of that illegal detention, should have been suppressed. We determine that there was reasonable cause to detain appellant, and affirm.

Our review of a motion to suppress is "governed by well-settled principles." (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1301 [248 Cal.Rptr. 834, 756 P.2d 221].) ■ Thus, we accept the factual findings of the trial court

which are supported by substantial evidence, and independently determine whether the facts conform to the constitutional standards of reasonableness. (*People* v. *Leyba* (1981) 29 Cal.3d 591, 596-597 [174 Cal.Rptr. 867, 629 P.2d 961].) In the instant case, the facts are undisputed, and we utilize an independent review of the decision. We apply federal law, as well as state law where it does not conflict with federal law, in evaluating the issues involved. (*In re Lance W.* (1985) 37 Cal.3d 873 [210 Cal.Rptr. 631, 694 P.2d 744].)

Appellant argues that he was not free to leave as of the moment the chase began. By this argument, he apparently seeks to exclude consideration of the events during and following the chase in the assessment of whether reasonable cause to detain existed. Respondent argues that appellant chose to flee and discard the drugs of his own volition, and that the chase did not constitute a detention.

*Michigan* v. *Chesternut* (1988) 486 U.S. 567 [100 L.Ed.2d 565, 108 S.Ct. 1975] is the most recent Supreme Court case analyzing the type of police conduct that constitutes a detention. In *Chesternut,* a police patrol car followed the fleeing defendant " 'to see where he was going.' " As the car drove alongside, defendant threw away several packets of codeine. (*Id.,* at p. 569 [100 L.Ed.2d at p. 569, 108 S.Ct. at p. 1977].)

The court noted it would "leave to another day the determination of the circumstances in which police pursuit could amount to a seizure under the Fourth Amendment." (*Michigan* v. *Chesternut, supra,* 486 U.S. 567, 576, fn. 9 [100 L.Ed.2d 565, 573, 108 S.Ct. 1975, 1980]) The court also declined to adopt a rule that so long as no physical apprehension occurs, police conduct is not poisoned by the lack of an objective and particularized suspicion. (*Id.,* at p. 572 [100 L.Ed.2d at p. 571, 108 S.Ct. at p. 1979].) Instead, the court reaffirmed the test of *United States* v. *Mendenhall* (1980) 446 U.S. 544 [64 L.Ed.2d 497, 100 S.Ct. 1870], that "the police can be said to have seized an individual 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' [Citation.]" (*Michigan* v. *Chesternut, supra,* 486 U.S. 567, 573 [100 L.Ed.2d 565, 572, 108 S.Ct. 1975, 1979].) The court also noted that mere surveillance or approach by an officer is not a seizure. (*Id.,* at p. 576 [100 L.Ed.2d at p. 573, 108 S.Ct. at pp. 1980-1981].) The court left open the question of when police pursuit would constitute a seizure. (*Id.,* at p. 576, fn. 9 [100 L.Ed.2d at p. 573, 108 S.Ct. at p. 1980].)

We need not decide whether the pursuit in the instant case constituted a detention, as we find that even if it did, the officers had reasonable cause to detain appellant at the time he ran from the scene.

■ The fact of flight at the approach of the police may be relevant in assessing the existence of reasonable suspicion. In the instant case, appellant's flight was not triggered by an illegal act on the part of the police, which makes it relevant to the determination of reasonable suspicion. (3 LaFave, Search and Seizure (2d ed. 1987) § 9.3(c), p. 449, fn. 150.) We agree with appellant that flight alone is insufficient to justify a detention. (*People* v. *Aldridge* (1984) 35 Cal.3d 473, 478 [198 Cal.Rptr. 538, 674 P.2d 240]; *People* v. *Bower* (1979) 24 Cal.3d 638, 649 [156 Cal.Rptr. 856, 597 P.2d 115].) However, when coupled with other "specific knowledge on the part of the officer relating the suspect to the evidence of crime," flight has been considered in assessing the justification for an officer's actions. (*Sibron* v. *New York* (1968) 392 U.S. 40, 66-67 [20 L.Ed.2d 917, 937, 88 S.Ct. 1889].)

Appellant argues that the only other factors known to the officers in the instant case were that the area was one of high narcotics activity and that it was nighttime. He argues that these factors are insufficient to justify the detention. ■ The factors of nighttime, high drug activity in the area, and seeking to avoid police were held insufficient to justify a detention in *People* v. *Aldridge, supra*, 35 Cal.3d 473, 478. The facts known to the officers in the instant case, however, involved the officer's observation of an exchange of items between passengers in the cars and those outside the cars. Those standing beside the cars were leaning into the vehicles. In addition, the officers observed the two cars parked in the middle of the street, facing opposite directions, and the cars as well as several of the people outside the cars fled at the approach of the police. "In an earlier day before the traffic in illicit drugs became endemic to our society, the above circumstances might not—and probably would not—have been consistent with criminal activity. Unfortunately, times have changed, and a multitude of controlled substances are openly bought and sold on our streets and in our neighborhoods. To any police officer knowledgeable of such conditions, the circumstances above described would not only raise, but almost compel, a reasonable suspicion that conduct 'consistent with criminal activity' was taking place." (*People* v. *Brown* (1990) 216 Cal.App.3d 1442, 1450 [265 Cal.Rptr. 552].)

Thus, we determine that these additional facts, when combined with the factors of nighttime, high drug activity area and flight from police, establish " '. . . specific and articulable facts causing [the officer] to suspect that (1) some activity relating to crime has taken place or is occurring or about to occur, and (2) the person he intends to stop or detain is involved in that activity. . . .' " (*People* v. *Aldridge, supra*, 35 Cal.3d 473, 478; *In re Tony C.* (1978) 21 Cal.3d 888, 893 [148 Cal.Rptr. 366, 582 P.2d 957].)

The motion to suppress evidence was properly denied and the judgment is affirmed.

Newsom, Acting P. J., and Holmdahl, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 26, 1990.